FIGUEROA, APPELLANT, *v.* DÍAZ ET AL., RESPONDENTS.

Appeal from the District Court of San Juan, Section 1.

No. 853.—Decided June 16, 1913.

NATURAL CHILDREN — ACKNOWLEDGMENT — ACTION FOR ANNULMENT OF DESIGNATION OF HEIRS—EVIDENCE.—In an action brought by a natural child to annul a designation of heirs on the ground that she had been duly acknowledged by her father, which allegation was denied by the defendant, the only evidence competent to prove the fundamental allegation of acknowledgment is the authentic public document in which it was made or the judgment of the court so decreeing.

ID.—ACKNOWLEDGMENT—ACTION FOR ANNULMENT OF DESIGNATION OF HEIRS—EVIDENCE.—In an action brought by a natural child to annul a designation of heirs on the ground that she had been duly acknowledged by her father, a document containing the statement of a sister of the putative father to the effect that the latter's succession, composed of herself, her sister and his daughter, the plaintiff, had been in possession of a certain property, is inadmissible as evidence to prove said acknowledgment.

ID.—ACKNOWLEDGMENT—EVIDENCE—CERTIFICATE OF MARRIAGE.—The fact that the putative father of a natural daughter attended her marriage and signed the certificate in which it was stated that the bride was his acknowledged daughter, when there is nothing to show that he had made any express declaration as to such acknowledgment or even that he gave his daughter permission to marry, does not constitute an authentic and genuine acknowledgment.

ID.—ACKNOWLEDGMENT.—When a father has failed or refuses to make a formal acknowledgment, an action for acknowledgment is indispensable and it can be dispensed with only when there exists an authentic and formal document witnessing such acknowledgment or when the same has been decreed by the judgment of a court of competent jurisdiction.

ID.—ACKNOWLEDGMENT—CERTIFICATES OF BAPTISM AND MARRIAGE—EVIDENCE.—
   The mere mention of the acknowledgment of a person as a natural child in
   a certificate of baptism is not presumptive evidence that such acknowledg-
   ment was made, for certificates of baptism and certificates of marriage
   certify only to the administration of the baptism and the celebration of the
   marriage on the dates stated therein.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for appellant.

*Mr. José Martínez Dávila* for respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On March 8, 1911, Ramona Figueroa brought an action in the District Court for the Judicial District of San Juan against Teresa and Encarnación Díaz praying the court to annul an order rendered by the said court in the month of October or November, 1910, designating the defendants as the heirs of Pablo Díaz, known as Pablo Figueroa Díaz, and to decree instead that the plaintiff is the sole and universal heir of Pablo Díaz, with costs, disbursements and attorney's fees against the defendants.

In her complaint the plaintiff alleges the following fundamental facts:

1. That she is the acknowledged natural child of Pablo Díaz, known as Pablo Figueroa Díaz.

2. That Pablo Díaz died intestate in the town of Cataño, of the jurisdiction of Bayamón, on May 2, 1908.

3. That in the month of October or November, 1910, on the false allegation that they were the sole heirs of Díaz in a collateral line, he having left no legitimate or acknowledged natural descendants or heirs in the ascending line, applied to, and obtained from, the District Court of San Juan, Section 1, a decree declaring them to be the intestate heirs of Pablo Díaz, without prejudice to third parties.

The defendants demurred to the complaint, alleging that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and thereupon the defendants

answered the complaint denying each and all of the allegations therein contained, generally and specifically.

The trial was held and the court rendered judgment on December 4, 1911, dismissing the complaint without costs against either party. The court based its decision on the absence of sufficient evidence to prove that the plaintiff, Ramona Figueroa, had been acknowledged by her father, Pablo Díaz, known as Pablo Figueroa Díaz, holding that although that acknowledgment, express or implied, may be proven by any of the probatory means provided for by law when the action is one to claim filiation, the same is not true in the present case where an action is brought to nullify a designation of heirship on the fundamental ground that the plaintiff had been acknowledged, in which case such acknowledgment should be shown in due form in order to have the necessary legal force for the purposes pursued in the complaint.

From the said judgment counsel for the plaintiff took the present appeal to this court.

An examination of the statement of the case shows that the plaintiff offered in evidence the following documents:

*First.* Certificate of the birth of Ramona Figueroa from which it appears that she was baptized on February 16, 1874, with the name of Ramona del Carmen and that she was born on December 5 of the previous year. It is stated in the said certificate that she is the acknowledged natural child of Pablo Figueroa and Juana Canales; that Ramón Figueroa and Carmen Díaz are her paternal grandparents; that Cecilia Canales is her maternal grandmother, and that her godparents are Ramón and Encarnación Figueroa.

*Second.* Certificate of the death of Pablo Figueroa which occurred on May 2, 1908, in which certificate it is set forth that he was the legitimate son of Ramón Figueroa and Carmen Díaz; that he was unmarried at the time of his death, and that he left one daughter named Ramona.

*Third.* Certificate of the marriage of Ramona Figueroa

and Eulogio Figueroa which we transcribe in full for a better understanding of its contents in relation to the acknowledgment of the plaintiff:

"No. 48. Eulogio Figueroa y Rivera with Ramona Figueroa y Canales. In Porto Rico on this date record is made of the canonical marriage referred to in the certificate which reads as follows: 'In the municipal district of the capital of Porto Rico this 5th day of April, 1893, I, the undersigned, Lupercio Oller, being in the parochial church of San Francisco de Asis as the appointed delegate of the municipal judge of the aforesaid district to witness the celebration of the marriage contracted between Eulogio Figueroa y Rivera and Ramona Figueroa y Canales in compliance with the provisions of article 77 of the Civil Code and by order of the said judge, certify that in my presence Reverend Eulogio García de Caso, the parochial priest of said church, united in canonical marriage the said Eulogio Figueroa, twenty-one years of age, native of Santo Domingo, resident of this capital, and the acknowledged son of José Figueroa and Doña Silveria, with Ramona Figueroa, nineteen years of age, native and resident of the capital and the acknowledged daughter of Pablo Figueroa and Teresa Canales. The father and mother of the bride together with the witnesses, Manuel Padial, of age and a resident of this capital, and Eusebio Vázquez, of age and a resident of this capital, were present at the ceremony. And be it known that I prepare this certificate of record of the said marriage, which will be transcribed immediately in the proper records of the civil registry of the municipal court in accordance with the provisions of section 77 of the Civil Code. After being duly notified of the contents hereof, the witnesses, the contracting parties, and the father of the bride, sign the same with me, to which I certify. Lupercio Oller. Eulogio Figueroa y Rivera. Ramona Figueroa y Canales. Pedro M. Padial. Eusebio Vázquez. Pablo Figueroa. (Six flourishes.) The certificate transcribed is filed in this civil registry in roll No. 1 of the section pertaining to marriages. Porto Rico, April 5, 1893. In parenthesis: 'contrayente' omit. (Signed) Manuel F. Rossy. Damián Monserrat. (Stamp) Don José A. Hernández Vélez, temporary secretary and clerk in charge of the Civil Registry of San Juan."

*Fourth.* Copy of a petition signed and sworn to by Teresa Figueroa on April 29, 1910, praying the committee appointed to settle claims to lands situated in the ward of Cataño of the

Municipal District of Bayamón to grant to her and her sister, Encarnación Figueroa, the ownership of a certain lot described, alleging in support of her petition that the said lot was granted by the city council of Bayamón in 1904 to Pablo Figueroa, who improved the same and put it in good sanitary condition besides building thereon a frame house which he had possessed together with the lot up to the time of his death, and that since his death his sisters, Teresa and Encarnación Figueroa, and his daughter, Ramona, who compose his present succession, have been in possession of the property and have constructed a small frame house for the sale of milk alongside the other house.

*Fifth.* Copy of the proceedings brought by Teresa Díaz, known as Teresa Figueroa, for the designation of the intestate heirs of Pablo Díaz showing that on the sworn petition of Teresa Díaz, and after the presentation of documentary evidence his sisters, Teresa and Encarnación Díaz, were designated by the First Section of the District Court of San Juan in its judgment of October 31, 1910, to be the sole and exclusive heirs of Pablo Díaz, commonly known as Pablo Figueroa Díaz, and entitled to equal shares of his estate without prejudice to third parties having equal or better rights.

Counsel for the defendants objected to the admission of the certificate of the birth of Ramona Figueroa, the certificate of the death of Pablo Figueroa, and the certificate of the marriage of Ramona Figueroa, on the grounds that the first document is not signed by Pablo Figueroa and merely proves the date of plaintiff's birth; that the second document proves only the death of Pablo Figueroa, and that the marriage certificate of Ramona Figueroa is irrelevant inasmuch as it merely shows that she is married.

The court admitted the baptismal certificate to establish the date on which the baptism took place, but not the other statements set forth therein. It also admitted the certificate of the death of Pablo Figueroa for the purpose of establishing his death, and, lastly, it admitted the marriage certificate of

Ramona Figueroa, reserving the right to give it the force it might have in law.

It does not appear that any exceptions were taken to these rulings of the court.

Counsel for the defendants objected also to the admission in evidence of the sworn petition presented by Teresa Figueroa to the committee appointed to settle the land claims in the ward of Cataño of the Municipal District of Bayamón, in which petition Teresa Figueroa alleged that she and Encarnación Figueroa, sisters of Pablo Figueroa, and Ramona, his daughter, were in possession of a certain property of Pablo Figueroa, basing the objection on the ground that Pablo Figueroa alone could acknowledge his daughter Ramona. This objection was sustained by the court and counsel for the plaintiff excepted.

We have reviewed the evidence introduced by the plaintiff at the trial, as the defendants submitted no evidence whatsoever.

The legal grounds on which the appellant bases her appeal may be summarized as follows:

A. That the trial court erred in sustaining the objection of the defendants to the admission of the sworn petition presented by Teresa Figueroa to the committee appointed to settle the land claims in the ward of Cataño of the municipality of Bayamón.

B. That said court likewise erred in not finding that the certificate of the marriage between Ramona Figueroa and Eulogio Figueroa was sufficient to prove the acknowledgment of natural filiation of the former by her father, Pablo Figueroa, inasmuch as the certificate is a public, authentic, and solemn document.

C. That the lower court again erred in finding that it was first necessary to bring an action of filiation against a putative father who has publicly and solemnly acknowledged his illegitimate daughter in an unquestionable manner.

D. That the lower court violated its order of October 31,

1910, which declared the sisters, Teresa and Encarnación Díaz, to be the heirs of Pablo Figueroa Díaz without prejudice to the superior rights of third parties who might claim heredi-tary rights, such as is the plaintiff.

E. That the court below erred in finding that the baptismal certificate was admissible to show only the performance of said ceremony and in not admitting the same as presumptive proof of the filiation arising from the fact of consent without protest or objection that she thus appeared of record in the public parochial archives as the natural child of a certain father when such was not the case.

Let us examine these alleged errors in the order in which they appear.

A. The allegation made by Teresa Figueroa in the petition of April 29, 1910, which she addressed to the committee ap-pointed to settle claims to land situated in the ward of Cataño of the Municipal District of Bayamón for the purpose of se-curing a recognition of her sister Encarnación and herself as the owners of a certain lot granted to Pablo Figueroa by the municipal council of said town in 1904, said allegation stating that Teresa and Encarnación Figueroa, sisters of Pablo Fi-gueroa, and his daughter Ramona, composing the succession of Pablo Figueroa, had been in possession of the property claimed, was not admissible as evidence in the present case, the object of which is not the acknowledgment of the natural filiation of the plaintiff, but the nullity of the designation of heirs of Pablo Figueroa Díaz made in favor of the defendants.

The acknowledgment of the filiation of the plaintiff by Pablo Díaz, known as Pablo Figueroa Díaz, having been set forth as one of the fundamental grounds of the complaint without an action for such acknowledgment having been brought and the alleged acknowledgment having been denied by the defendants, the only pertinent evidence to prove the fundamental allegation of acknowledgment was the authentic public document to that effect or a decision of the court so decreeing.

In the petition referred to Pablo Figueroa did not acknowledge the plaintiff to be his natural child, and the statement made by Teresa Figueroa to the effect that she, her sister, Encarnación, and the plaintiff, who is the daughter of Pablo Figueroa, composed the succession of Pablo Figueroa is not sufficient to supply the lack of a solemn acknowledgment on the part of Pablo Figueroa.

It does not appear from the said petition that Pablo Figueroa had acknowledged the plaintiff in an authentic manner, hence the court was warranted in sustaining the objection of the defendants to the admission of the evidence in question.

B. Neither does the certificate of the marriage of the plaintiff, Ramona Figueroa, to Eulogio Figueroa constitute satisfactory evidence of the acknowledgment of Ramona Figueroa by Pablo Figueroa Díaz although said certificate is an authentic public document. According to subdivision 1 of section 1186 of the Civil Code, public instruments are evidence, even against a third person, of the fact which gave rise to their execution and of the date thereof. If we apply this provision to the present case, we shall see that said certificate proves the celebration of the marriage of the plaintiff to Eulogio Figueroa and that the marriage took place on the date indicated. Although it is stated in the certificate that Ramona Figueroa is the acknowledged daughter of Pablo Figueroa and the certificate is signed by the latter, there is nothing to show that he made any express declaration as to such acknowledgment. It does not even appear therein that he gave his daughter permission to marry. He did nothing that would show an unquestionable acknowledgment, for the fact that he signed the certificate without making any explanation that in doing so it was his intention to acknowledge the paternity attributed to him tends to show rather that the marriage took place and that he was present thereat than his acknowledgment of the filiation of Ramona Figueroa. The marriage certificate is not a solemn public instrument which

shows the acknowledgment of Ramona Figueroa, therefore the lower court did not commit the error assigned.

C. It is not necessary to discuss this assignment of error as it is based on a false supposition, namely, that Pablo Figueroa had acknowledged the plaintiff publicly and solemnly and in an unquestionable manner. We have decided already in the case of *Calaf et al.* v. *Calaf,* 17 P. R. R., 185, that in accordance with the doctrine laid down in the cases of *Amsterdam et al.* v. *Puente et al.,* 16 P. R. R., 527; *Puente et al.* v. *Puente et al.,* 16 P. R. R., 556, and *Rijos* v. *Folgueras et al.,* 16 P. R. R., 593, when the father fails or refuses to make the acknowledgment in a solemn manner an action for acknowledgment must be brought, and such action can be dispensed with only when there exists an authentic record of such acknowledgment or the same has been decreed by a judgment of a court of competent jurisdiction.

D. Neither does the error here assigned exist because as the court found that the plaintiff had not established the fact that she was the acknowledged natural daughter of Pablo Figueroa, on which ground she prayed to be designated as his sole and universal heir, instead of violating the decree of October 31, 1910, declaring the defendants to be the heirs without prejudice to the superior rights of third parties, it was properly applied.

E. In order to contradict this assignment of error it is sufficient to quote from our opinion delivered in the case of *Rodríguez* v. *Rodríguez et al.,* 18 P. R. R., 428, as follows:

" 'Certificates of baptism and marriage, as all public documents in general, certify to the act which led to their execution, namely, the administration of the baptism and the celebration of the marriage on the dates stated; but they do not certify to the truth of the statements contained in them with respect to the filiation or civil status of the person baptized or married. Such is the legal doctrine found in the decisions of the Supreme Court of Spain of June 28, 1864, March 18, 1873, June 24, 1897, and July 13, 1899, which doctrine conforms to the provisions of section 1186 of the Civil Code in force.' "

The allegation of the appellant that the mere mention of the acknowledgment of a person as a natural child in a certificate of baptism is presumptive evidence that such acknowledgment was made, is plainly erroneous for we know of no law either substantive or adjective which warrants such a presumption.

For the foregoing reasons the judgment appealed from is affirmed..

*Affirmed.*

Mr. Justice Aldrey concurred.

Mr. Justice Wolf signed, stating that he concurred in the judgment and reserved the handing down of a concurrent opinion.

Mr. Justice del Toro dissented.

Mr. Justice MacLeary took no part in the decision of this case.